JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Defendant-appellant, Gregory Harris, appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 3} In this case, appellant was involved in a home invasion, which resulted in the death of a toddler and various other people being shot and stabbed. On February 22, 1993, appellant pled guilty to one count of involuntary manslaughter in violation of R.C. 2903.04, one count of attempted murder in violation of R.C. 2903.02, and one count of aggravated burglary in violation of R.C. 2911.11. On the recommendation of the state, the remaining counts were nolled. Appellant was sentenced to an indefinite term of incarceration of six to twenty-five years on each count, and all counts were to be served concurrently.
 {¶ 4} On January 9, 2007, appellant filed a motion to withdraw his guilty plea. On January 25, 2007, the trial court granted the state's motion for an extension to file its motion in opposition by February 9, 2007. On January 30, 2007, appellee filed its opposition to the withdrawal of appellant's guilty plea. The trial court overruled appellant's motion to withdraw in an order journalized on February 20, 2007. Appellant filed a notice of appeal and a Loc.R. 9 docketing statement *Page 4 
requesting that the appeal be assigned to the accelerated calendar on March 13, 2007. On April 2, 2007, appellant filed his brief in support.
 II {¶ 5} Assignment of error: "The trial court erred when it failed to hold an evidentiary hearing on defendant Harris' motion to withdraw his guilty plea where the facts alleged and supported by affidavit show that his guilty plea was entered as a result of an unfu[l]fillable promise."
 III {¶ 6} Appellant argues that the lower court erred when it failed to hold an evidentiary hearing on his motion to withdraw his guilty plea, because the plea was entered as a result of an unfulfillable promise. Crim.R. 32.1 governs withdrawals of guilty pleas, and it reads: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In State v. Wyley (Mar. 16, 2001), Cuyahoga App. No. 78315, we ruled that:
 "Postsentence motions to withdraw guilty pleas are not freely granted because that would allow defendants to withdraw their pleas when unfavorable sentences are received. If a plea of guilty can be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." *Page 5 
 {¶ 7} In the case at bar, appellant did not file a transcript of his original plea. Because no transcript was provided to this appellate court, we must presume the trial court's findings of fact are correct.State v. Skaggs (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355; State v.Lozada, Cuyahoga App. No. 81151, 2003-Ohio-1721. Accordingly, this court must presume regularity when the trial court accepted appellant's plea.
 {¶ 8} A hearing on a postsentence motion to withdraw a guilty plea is not required if the facts as alleged by a defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn. Additionally, a hearing is not required where the record, on its face, conclusively and irrefutably contradicts the allegations in support of withdrawal. R.C. 2953.21(E). State v. Legree (1988), 61 Ohio App.3d 568.
 {¶ 9} Here, the lower court did not provide a hearing on appellant's motion. However, the trial court's journal entry indicates that full and fair consideration was afforded the plea withdrawal request. In the journal entry denying appellant's motion, the lower court held that the only evidence provided by appellant was a self-serving affidavit. This demonstrates that the lower court read appellant's motion and did not find credibility with the contents of the affidavit. We find that the evidence in the record shows that the lower court's actions were proper. *Page 6 
 {¶ 10} Assuming arguendo appellant had provided evidence to support the terms of the plea agreement, his argument would still lack merit. Appellant states that the prosecutor's office agreed to write a letter in support of his parole if he maintained an unblemished prison record prior to his first parole hearing. Indeed, appellant states in his own brief that he was to stay "incident free" while in prison in order for the prosecution to recommend that he be released on parole.
 {¶ 11} However, appellant failed to stay incident free while in prison. Appellant was incarcerated on April 28, 1993. On August 25, 1993, appellant committed a Class II disciplinary infraction. The infraction was a Class II, Rule 1, and Rule 25 violation to which appellant pled guilty. Therefore, in less than six months appellant's prison record was blemished, and the state was, therefore, no longer required to write a letter in support of his parole and was free to object to his parole.
 {¶ 12} In addition, on May 18, 1994, appellant pled guilty to a Class II, Rules 1, 17, and 25 violation for allowing another inmate to use his pass to access other portions of the penitentiary before returning the pass to the proper authority. On May 18, 1995, appellant committed a Class II, Rule 15, violation by allowing the dishes in the washer conveyer to become jammed inside because he was engaging in horseplay. The rules infraction board found appellant guilty of this violation and gave appellant eight hours of extra duty. *Page 7 
 {¶ 13} On January 28, 2003, appellant pled guilty to a Class II, Rule 25, violation for being in the inmate sick cell without permission. For this disciplinary infraction, appellant was required to complete 60 hours of extra duty. On November 4, 2005, appellant was found guilty of violating Rule 51 for having contraband, two recordable tapes, within his possession. For this violation, he was given two extra hours of duty. On April 6, 2006, appellant pled guilty to a violation of Rule 61 for hanging a towel across his bed and blocking the view of his face. On June 23, 2006, appellant was found guilty of violating Rules 21, 22, and 35 for not performing duties assigned to him. Appellant's disciplinary record has numerous infractions dating back to August 1993. Accordingly, appellant did not stay incident free, and the state was under no obligation to recommend that appellant be put on parole.
 {¶ 14} The evidence in the record demonstrates that the lower court was within its discretion to deny appellant's Crim.R. 32.1 motion without a hearing. The trial court's decision to deny appellant's postsentence motion was not unreasonable, arbitrary, or unconscionable.
 {¶ 15} Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and MARY J. BOYLE, J., CONCUR. *Page 1