**IN RE HARTER.**

[Cite as *In re Harter,* **137 Ohio St.3d 1258, 2013-Ohio-5355.**]

(No. 2013-1907—Submitted December 5, 2013—Decided December 9, 2013.)

ON CERTIFICATION OF DEFAULT OF CHILD-SUPPORT ORDER.

_____

{¶ 1} On December 4, 2013, and pursuant to Gov.Bar R. V(5)(A), the secretary of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio submitted to this court a certified copy of a determination of default of a child-support order by Brian Wade Harter, an attorney licensed to practice law in the state of Ohio.

{¶ 2} Upon consideration thereof and pursuant to Gov.Bar R. V(5)(A)(4), it is ordered and decreed that Brian Wade Harter, Attorney Registration No. 0055500, last known business address in Columbus, Ohio, is suspended from the practice of law for an interim period, effective as of the date of this entry.

{¶ 3} It is further ordered that this matter be, and hereby is, referred to disciplinary counsel for investigation and commencement of disciplinary proceedings.

{¶ 4} It is further ordered that Brian Wade Harter immediately cease and desist from the practice of law in any form and that he hereby is forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

{¶ 5} It is further ordered that effective immediately, respondent is forbidden to counsel, advise, or prepare legal instruments for others or in any manner perform legal services for others.

**{¶ 6}** It is further ordered that respondent is divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

**{¶ 7}** It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(8)(G)(3). If employed pursuant to Gov.Bar R. V(8)(G), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(8)(G)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

**{¶ 8}** It is further ordered that respondent shall not be reinstated to the practice of law until (1) the Board of Commissioners on Grievances and Discipline files in accordance with Gov.Bar R. V(5)(D)(1)(b) with the Supreme Court a certified copy of a judgment entry reversing the determination of default under a child-support order, or it files in accordance with Gov.Bar R. V(5)(D)(1)(c) with the Supreme Court a notice from a court or child-support-enforcement agency that respondent is no longer in default under a child-support order or is subject to a withholding or deduction notice or a new or modified child-support order to collect current support or any arrearage due under the child-support order that was in default and is complying with that notice or order, and (2) this court orders respondent reinstated to the practice of law.

**{¶ 9}** It is further ordered that respondent shall keep the clerk and disciplinary counsel advised of any change of address where respondent may receive communications.

**{¶ 10}** It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form,

number, and timeliness of filings. All case documents are subject to Sup.R. 44 through 47, which govern access to court records.

**{¶ 11}** It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order and all other orders in this case to respondent's last known address.

**{¶ 12}** It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————