[Cite as *State v. Chuparkoff*, 2019-Ohio-2827.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

                                                 No. 107756

    v.                           :

MARK ANDREW CHUPARKOFF,                   :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 11, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-614697-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew E. Meyer and Jennifer M. Meyer, Assistant Prosecuting Attorneys, *for appellee.*

Mark Chuparkoff, *pro se.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Mark Andrew Chuparkoff ("Chuparkoff") was formerly a licensed attorney in the state of Ohio who was based in Franklin County,

Ohio.[1] Chuparkoff was indicted on February 28, 2017 for multiple felonies including grand theft, tampering with records, and forgery. Money laundering prohibitions were attached to the charges.

{¶ 2} The activities took place from December 23, 2015, through May 1, 2016, and included the theft of $75,000 of a medical malpractice settlement that Chuparkoff wrongfully retained. Chuparkoff represented the Lee family, immigrants to the United States who did not speak English, and resided in Butler County, Ohio where the malpractice occurred. The case was filed in Butler County against the attending physician and the urgent care facility involved with the misdiagnosis of Mr. Lee's hip fracture.

{¶ 3} The case against the physician was settled with the Lees' authority. The case against the urgent care facility proceeded to trial where the Lees prevailed. According to the state, due to the time and expense involved with the urgent care facility's appeal, the Lees requested to drop the case. The state argues that Chuparkoff proceeded without the Lees' authority or knowledge and settled the case for $75,000 that Chuparkoff retained for his own use. Chuparkoff counters that the Lee family abandoned their part of the suit but allowed him to continue the case to recover his one-third interest of the $289,000 jury verdict.

---

[1] Chuparkoff was not duly licensed throughout the period in question because his law license was suspended on December 23, 2015, relating to a child-support issue. *In re Chuparkoff*, 144 Ohio St.3d 1286, 2015-Ohio-5474, 45 N.E.3d 1028. The license was reinstated on January 21, 2016, and an interim remedial suspension imposed for engaging in conduct posing a threat of harm to the public. *Disciplinary Counsel v. Chuparkoff*, 147 Ohio St.3d 1222, 2016-Ohio-5428, 64 N.E.3d 986.

{¶ 4} Chuparkoff picked up the settlement check from a law firm in Independence, Ohio. The state charged that he forged the check endorsements and filed a fraudulent satisfaction of judgment in Butler County constituting tampering with records. According to the state, Chuparkoff spent the entire sum and most was expended for gambling at the Horseshoe Casino in Cleveland.

{¶ 5} Counsel was appointed for Chuparkoff in June 2017. Trial was scheduled for June 28, 2017. Chuparkoff requested time to retain new counsel but asserts that he was only given five working days to do so due to the Fourth of July holiday weekend. The trial court granted a continuance and set a pretrial date of July 10, 2017. New counsel entered an appearance on that date.

{¶ 6} On September 11, 2017, upon the advice of new counsel, Chuparkoff entered a guilty plea to grand theft, attempted tampering with records, and forgery. The parties agreed that the three charges constituted a continuing course of conduct under R.C. 2953.31. The state advised that it would oppose any application for expungement until Chuparkoff paid restitution in the amount of $50,000. Chuparkoff was advised of the possibility of three years postrelease control at the parole board's discretion.

{¶ 7} On September 29, 2017, Chuparkoff was sentenced to five years of community control on each count with six months of local incarceration with advisement of postrelease control and restitution. On December 28, 2017, Chuparkoff filed a motion for early release under R.C. 2929.20 that was denied by the trial court on January 3, 2018.

{¶ 8} On August 30, 2018, after Chuparkoff was released from incarceration, he filed a motion to vacate the guilty plea for lack of venue and jurisdiction, and argued that the ineffective assistance of counsel led to his plea. Chuparkoff also argued that the Lees had given him authority to pursue the lawsuit to recover his one-third interest and that merely picking up the settlement check in Cuyahoga County was insufficient to vest jurisdiction.

{¶ 9} The state argued that Chuparkoff did not meet the requirements for a Crim.R. 32.1 plea withdrawal because he failed to demonstrate that he was subject to a manifest injustice, he waived the venue argument and he did not demonstrate that counsel was ineffective. The trial court denied the motion on September 11, 2018, and held that the arguments offered in the state's brief in opposition were well-taken.

{¶ 10} Appellant appeals the trial court's denial of his motion to withdraw the guilty plea.

## I. Assignments of Error

{¶ 11} Chuparkoff offers two errors for review:

I. The Court of Common Pleas erred as a matter of law when it refused to give appellant adequate time to obtain counsel to represent him in the underlying criminal matter.

II. The Court of Common Pleas erred as a matter of law when it denied appellant's motion to vacate his guilty plea based on lack of venue/jurisdiction and ineffective assistance of counsel.

## II.   Discussion

{¶ 12}  We address the errors out of order for ease of analysis.  In addition, there was no transcript filed as part of the record in this case.  Without the filing of a transcript, "[w]e presume that the trial court considered all the evidence and arguments raised." *Miranda v. Saratoga Diagnostics*, 2012-Ohio-2633, 972 N.E.2d 145, ¶ 26 (8th Dist.).  In light of the presumption of regularity in the proceedings, we accept the factual findings of the trial court as true and limit our review to the legal conclusions of the trial court.  *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 98173, 2012-Ohio-5073, ¶ 8, citing *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-965, 2012-Ohio-1665, ¶ 8.

### A.  Withdrawal of Plea

{¶ 13}  Crim.R. 32.1 governs the withdrawal of guilty pleas:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

*Id.  See also State v. Zaslov*, 8th Dist. Cuyahoga No. 95470, 2011-Ohio-2786, ¶ 7.

{¶ 14}  Chuparkoff must establish that a manifest injustice exists.

> [A] defendant who moves to withdraw his plea after the imposition of sentence "has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), at paragraph one of the syllabus.  Either way, a motion made pursuant to Crim.R. 32.1 is "addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith* at paragraph two of the syllabus.

*State v. Mathis*, 8th Dist. Cuyahoga No. 100342, 2014-Ohio-1841, ¶ 16.

**{¶ 15}** As such, this court has described "manifest injustice" as a

"clear or openly unjust act," * * * an extraordinary and fundamental flaw in the plea proceeding[,]" * * * a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her. *Nicholson* at ¶ 15, quoting *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502.

*State v. Rogers*, 8th Dist. Cuyahoga No. 99246, 2013-Ohio-3246, ¶ 26.

## 1. Venue

**{¶ 16}** Chuparkoff argues that the trial court lacked "venue/jurisdiction" but it is clear that his argument challenges venue. Chuparkoff cites R.C. 2901.12 governing venue in Ohio, Article I, Section 10 of the Ohio Constitution and the Ohio Supreme Court's holding that "[a] conviction may not be had in a criminal case where the proof fails to show that the crime alleged in the indictment occurred in the county where the indictment was returned." *State v. Nevius*, 147 Ohio St. 273, 71 N.E.2d 258 (1947), paragraph three of the syllabus.

**{¶ 17}** Chuparkoff asserts that no elements of the alleged crimes took place in Cuyahoga County. The state counters that Chuparkoff admits that he picked up the settlement check at the urgent care center's counsel's office in Independence, Ohio, located in Cuyahoga County.

**{¶ 18}** The state also offers that Chuparkoff waived the venue argument because he failed to raise it at the trial-court level and cites this court's opinion in *State v. Fort*, 8th Dist. Cuyahoga No. 80604, 2002-Ohio-5068. In *Fort*, we observed that "[v]enue is neither a jurisdictional issue nor a material element of a

criminal offense." *Id.* at ¶ 45, citing *State v. McCartney*, 55 Ohio App.3d 170, 563 N.E.2d 350 (9th Dist.1988). "Proper venue is a fact which must be proved in criminal prosecutions unless waived by the accused." *Id.*, citing *McCartney* at 170, citing *State v. Headley*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983).

{¶ 19} Not only does the failure to challenge venue prior to trial serve to waive the issue, "a guilty plea precludes a defendant from challenging the factual issue of venue on appeal." (Citations omitted.) *Id.* *See also State v. Jordan*, 12th Dist. Warren No. CA2014-04-051, 2015-Ohio-575, ¶ 29 ("[b]y pleading guilty, a defendant admits to committing the offense as charged.").

{¶ 20} In addition, R.C. 2901.12(H) allows for offenses committed in multiple jurisdictions to be tried in any one of those jurisdictions where the defendant's activities constitute a course of criminal conduct:

> When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:
>
> (1) The offenses involved the same victim, or victims of the same type or from the same group.
>
> (2) The offenses were committed by the offender in the offender's same employment, or capacity, or relationship to another.
>
> (3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective.
>
> (4) The offenses were committed in furtherance of the same conspiracy.
>
> (5) The offenses involved the same or a similar modus operandi.

(6) The offenses were committed along the offender's line of travel in this state, regardless of the offender's point of origin or destination.

{¶ 21} Chuparkoff admits that he picked up the settlement check in Cuyahoga County. Chuparkoff's venue argument fails and he has not demonstrated that he has suffered a manifest injustice that would entitle him to relief. The trial court's order is affirmed on this issue.

## 2. Ineffective Assistance of Counsel

{¶ 22} Here Chuparkoff argues that the denial of his motion to withdraw his plea due to ineffective assistance of counsel is also in error and an abuse of discretion. In order to substantiate a claim of ineffective assistance of counsel, Chuparkoff must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 23} Judicial scrutiny of defense counsel's performance must be highly deferential. *Strickland* at 689. In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). It is Chuparkoff's burden to prove that counsel was ineffective. *State v. Hudson*, 8th Dist. Cuyahoga No. 96435, 2011-Ohio-6272, ¶ 23, citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).

{¶ 24} A guilty plea waives a claim for ineffective assistance of counsel "'unless the ineffective assistance caused the guilty plea to be involuntary.'" *Id.*,

quoting *State v. Hicks*, 8th Dist. Cuyahoga No. 90804, 2008-Ohio-6284, ¶ 24. A defendant "'must demonstrate that there is a reasonable probability that, but for counsel's errors, [he] would not have pled guilty and would have insisted on going to trial'" in order to prove ineffective assistance of counsel after entering a guilty plea. *Id.*, quoting *State v. Szakacs*, 8th Dist. Cuyahoga No. 92230, 2009-Ohio-5480, ¶ 15, citing *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶ 25} Chuparkoff advances that trial counsel was ineffective for multiple performance deficiencies including the failure to: (1) file motions, (2) request a more specific bill of particulars or to conduct discovery, (3) contact witnesses, and (4) object to venue and personal jurisdiction. Chuparkoff asserts that he was not guilty and that the clients that he was convicted of deceiving had given permission for him to pursue the malpractice action against the urgent care facility.

{¶ 26} The state responded to Chuparkoff's motion to vacate with a copy of a "charging matrix" introduced during pretrial discovery that listed for each charge the date of the offense, identified the victim, jurisdiction and summarized the evidence. The state also asserts that defense counsel made attempts to contact the state's witnesses and included a copy of an email from the daughter of the victims indicating that defense counsel attempted to contact her.

{¶ 27} The record does not support Chuparkoff's claim that defense counsel failed to pursue discovery or was otherwise deficient in defending the case. Our conclusion includes Chuparkoff's argument that defense counsel should have

challenged venue in the case. Further to that issue, Chuparkoff's reliance on *State v. Yavorcik*, 2018-Ohio-1824, 113 N.E.3d 100 (8th Dist.), is inapposite. Yavorcik was convicted of conspiracy to engage in a pattern of corrupt activity and engaging in a pattern of corrupt activity. Venue was lacking in that case because the state failed to establish that Yavorcik was involved in the conspiracy underlying the pattern of corrupt activity.

{¶ 28} "[C]ounsel is not required to file futile motions" where success is improbable. *State v. Hudson*, 8th Dist. Cuyahoga No. 102767, 2015-Ohio-5424, ¶ 9, citing *State v. Martin*, 20 Ohio App.3d 172, 174, 485 N.E.2d 717 (1st Dist. 1983), and *State v. Parra*, 8th Dist. Cuyahoga No. 95619, 2011-Ohio-3977, ¶ 78. Chuparkoff has failed to identify how defense counsel's conduct was "outside the wide range" of behaviors demonstrating "professionally competent assistance" and how he was "prejudiced by that conduct." *Strickland*, 466 U.S. at 689-690, 104 S.Ct. 2052, 80 L.Ed.2d 674. Chuparkoff has not demonstrated that he has suffered a manifest injustice that would entitle him to relief from judgment in this case. *Mathis*, 8th Dist. Cuyahoga No. 100342, 2014-Ohio-1841, at ¶ 16.

{¶ 29} The second assigned error is without merit.

**B.    Time to Secure New Counsel**

{¶ 30}  Chuparkoff argues in the first assigned error that the trial court erred as a matter of law when it refused to allow sufficient time for him to secure new counsel. This argument also lacks merit.

{¶ 31} Chuparkoff was indicted on February 28, 2017. On March 13, 2017, Chuparkoff was declared indigent and assigned a public defender. Discovery was conducted and several continuances granted at Chuparkoff's request due to ongoing discovery. At the final pretrial on June 12, 2017, Chuparkoff appeared in court with counsel and rejected a plea offer. The trial remained scheduled for June 28, 2017.

{¶ 32} Crim.R. 16 supplemental discovery responses were filed over the next ten days after the pretrial. On June 22, 2017, Chuparkoff moved to continue the trial date on the ground that the state provided additional discovery consisting of "hundreds of pages of email correspondence, case documents, and three additional witnesses with summaries of proposed testimony." The state's trial exhibit binder had also been provided that contained documentation that the defense had not seen previously. Chuparkoff argued that it was impossible to review and investigate the new information and that his out-of-county residency made it difficult to meet with assigned counsel. Chuparkoff also stated that he and his assigned counsel maintained full criminal caseload dockets.

{¶ 33} At the pretrial on June 28, 2017, the trial court granted the request of the defense for a continuance:

> Defendant's motion for trial continuance is granted. Pretrial set for July 10, 2017 at 9:00 a.m. *If new counsel is retained by the defendant*, retained counsel must file a notice of appearance by July 10, 2017, and attend the July 10, 2017 pretrial.

(Emphasis added.) Journal entry No. 99479160 (June 28, 2017).

{¶ 34} New defense counsel entered an appearance on July 10, 2017. At the pretrial held that date, another continuance was granted at Chuparkoff's request due

to ongoing discovery. A pretrial was scheduled for September 6, 2017, and the trial was rescheduled for September 18, 2017. The trial court granted an additional continuance until September 11, 2017 at the September 6, 2017 pretrial but the trial date remained set.

{¶ 35} "'When a defendant enters a plea of guilty as part of a plea bargain, the defendant waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea.'" *State v. Lenard*, 8th Dist. Cuyahoga No. 94782, 2010-Ohio-2488, ¶ 5, quoting *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). Chuparkoff does not argue on appeal, and acknowledged at oral argument in this case, that the trial court complied with Crim.R. 11(C) so that his plea was knowingly, intelligent and voluntarily made pursuant to the rule.

{¶ 36} The instant claim is barred by the doctrine of res judicata. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Hughes*, 8th Dist. Cuyahoga No. 97311, 2012-Ohio-706, ¶ 9, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 37} "'Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal.'" *Id.*, quoting *Ketterer* at ¶ 59, citing *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374, ¶ 9. "This court has consistently recognized

that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 motion that were raised, or could have been raised, in a prior proceeding, including a direct appeal." *Id.*, citing *State v. Grady*, 8th Dist. Cuyahoga Nos. 96523, 96524, and 96525, 2011-Ohio-5503, ¶ 9.

{¶ 38} The first assigned error is overruled.

## III. Conclusion

{¶ 39} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY AND WITH THE SEPARATE CONCURRING OPINION;
FRANK D. CELEBREZZE, JR., J., CONCURS IN PART AND CONCURS IN JUDGMENT ONLY IN PART WITH SEPARATE OPINION


FRANK D. CELEBREZZE, JR., J., CONCURRING IN PART AND CONCURRING IN JUDGMENT ONLY IN PART:

{¶ 40} I concur with the lead opinion's resolution of Chuparkoff's second assignment of error and determination that he failed to demonstrate a manifest injustice warranting withdrawal of the guilty plea.

{¶ 41} I respectfully concur in judgment only with the lead opinion's resolution of Chuparkoff's first assignment of error. In my view, the trial court did not abuse its discretion in granting the defense a 13-day continuance.

{¶ 42} In this appeal, Chuparkoff appears to argue that he was prejudiced by the 13-day extension and that he should have been given more time to retain new counsel due to the "voluminous nature of the charges, and the numerous defenses and witnesses" involved in the case. In support of his argument, Chuparkoff argues that as a result of the July 4, 2017 holiday, he only had five business days to retain new counsel and was "forced to choose counsel on short notice." Chuparkoff contends that he should have been given more time to meet with and interview several attorneys. Chuparkoff's argument is misplaced and unsupported by the record.

{¶ 43} The decision to grant or deny a motion for a continuance rests in the sound discretion of the trial court. *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981). An abuse of discretion occurs where the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 44} In this case, the trial court's decision granting Chuparkoff a 13-day extension to retain new counsel was not unreasonable, arbitrary, or unconscionable, and Chuparkoff has failed to demonstrate how he was prejudiced by the 13-day extension.

{¶ 45} The record reflects that Chuparkoff retained new counsel within the time frame of the 13-day extension. Chuparkoff failed to demonstrate that either the public defender that was assigned to represent him or the new attorney he retained on July 10, 2017, were incompetent. Chuparkoff was not entitled to a longer extension so that he could meet with and interview several attorneys, retain the best possible attorney, or retain an attorney with whom he had a meaningful relationship.[2]

{¶ 46} Chuparkoff's argument that he only had five business days to retain new counsel is also meritless. Chuparkoff had eight business days, notwithstanding the July 4, 2017 holiday, to retain new counsel: Wednesday June 28, Thursday June 29, Friday June 30, Monday July 3, Wednesday July 5, Thursday July 6, Friday July 7, and Monday July 10. Finally, Chuparkoff's argument is premised entirely on the assumption that every law firm is closed and every defense attorney takes the entire day off for the July 4 holiday. Clearly this is not the case. There were certainly private defense attorneys that Chuparkoff could have met with and interviewed on the Fourth of July; he simply failed to do so.

{¶ 47} For all of these reasons, in my view, there is no basis upon which the trial court's granting of a 13-day continuance was unreasonable, arbitrary, or unconscionable.

---

[2] Although a criminal defendant has a constitutional right to counsel, the defendant does not, however, have the right to counsel with whom he or she has a rapport or with whom he or she can develop a meaningful lawyer-client relationship. *State v. Henness*, 79 Ohio St.3d 53, 65, 679 N.E.2d 686 (1997).