[Cite as *Chuparkoff v. Migdal*, 2022-Ohio-3474.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| MARK CHUPARKOFF | C.A. No.     30034 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KIRK MIGDAL, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.     CV 2018-08-3526 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2022

TEODOSIO, Presiding Judge.

{¶1}   Mark Chuparkoff appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment against him and dismissing his claims under the doctrine of collateral estoppel.  We affirm.

I.

{¶2}   Mark Chuparkoff was formerly a licensed attorney in the State of Ohio and was indicted in 2017 on multiple felony charges, including grand theft, tampering with records, and forgery.  *State v. Chuparkoff*, 8th Dist. Cuyahoga No. 107756, 2019-Ohio-2827, ¶ 1.  Upon the advice of his counsel, Mr. Chuparkoff entered a guilty plea and was sentenced to five years of community control on each count with six months of local incarceration and advisement of postrelease control and restitution.  *Id.* at ¶ 6-7.  After his release from incarceration, Mr. Chuparkoff filed a motion to vacate the guilty plea, arguing in part that he had received ineffective assistance of counsel.  *Id.* at ¶ 8.  The trial court denied the motion and Mr. Chuparkoff appealed

the decision to the Eighth District Court of Appeals, which affirmed the judgment of the trial court. *Id.* at ¶ 9-10, 39.

{¶3} In 2018, Mr. Chuparkoff filed a complaint against Attorney Kirk A. Migdal and the Law Office of Kirk Migdal (collectively, "Migdal") alleging legal malpractice, breach of fiduciary duty, and breach of contract against Attorney Migdal with regard to his representation of Mr. Chuparkoff in his criminal case in the Cuyahoga County Court of Common Pleas, Case No. CR 17-614697-A (discussed above). Migdal filed a motion for summary judgment on the grounds that Mr. Chuparkoff's claims had been collaterally estopped in the underlying criminal case against Mr. Chuparkoff. The trial court subsequently granted the motion for summary judgment, finding that the claims against Migdal had been collaterally estopped. Mr. Chuparkoff now appeals, raising two assignments of error.

{¶4} We note that because Mr. Chuparkoff has not separately argued his two assignments of error as required by App.R. 16(A)(7) and Loc.R. 16(A)(7), this Court may disregard them. *See* App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)."). Nonetheless, this Court has the discretion to consider the merits of Mr. Chuparkoff's arguments, and we do so despite the fact that they are improperly framed. *See State v. Seibert*, 9th Dist. Wayne Nos. 20AP0013 and 20AP0014, 2021-Ohio-3069, ¶ 13.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEES' MOTION FOR JUDGMENT ON THE PLEADINGS BECAUSE THE COURT IGNORED THE ALLEGATIONS WITHIN THE COMPLAINT WHICH CLEARLY STATED A CAUSE OF ACTION WHICH CONTAINED A QUESTION OF FACT TO BE DETERMINED BY JURY.

{¶5}  In his first assignment of error, Mr. Chuparkoff argues the trial court erred by ignoring the allegations of the complaint stating a cause of action which contained a question of fact to be determined by a jury.  We do not agree.

{¶6}  Appellate review of an award of summary judgment is de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.  *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party.  *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992).  A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor.  *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶7}  The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden

outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶8} The trial court's judgment entry granted summary judgment in favor of Attorney Migdal solely on the basis of collateral estoppel, stating:

The plaintiff's claims and the competence of the defendants' representation of the plaintiff in his underlying criminal case have been determined by a Cuyahoga County Court of Common Pleas and by the Eight Judicial District Court of Appeals. *See State v. Chuparkoff*, 8th Dist. Cuyahoga No. 107726, 2019-Ohio-2827, ¶ 22-29.

"Collateral estoppel (issue preclusion) prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994). It applies "when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Id.* "A determination of whether the doctrine of res judicata bars an action is a question of law which this Court reviews de novo." *Brott v. City of Green Bd. of Zoning Appeals*, 9th Dist. Summit No. 21209, 2003–Ohio–1592, at ¶ 11.

{¶9} In the case sub judice, it was Mr. Chuparkoff's related claims regarding Midgal's alleged malpractice that were precluded by collateral estoppel by the trial court. In order to plead a cause of action for attorney malpractice arising from a criminal representation, a plaintiff must allege (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Houser v. Pond*, 9th Dist. Summit No. 21887, 2004-Ohio 4578, ¶ 11.

**{¶10}** As we noted above, Mr. Chuparkoff's brief fails to separately argue his two assignments of error; rather, his brief is largely limited to restating his allegations regarding the performance and alleged malpractice of Attorney Migdal rather than addressing the trial court's ruling based upon collateral estoppel. Mr. Chuparkoff does, however, make several assertions regarding issue preclusion, which are discussed below.

**{¶11}** Without providing any authority in support, Mr. Chuparkoff argues that the doctrine of collateral estoppel requires an evidentiary hearing. An evidentiary hearing or trial, however, is not a precondition of issue preclusion. *Fyda Freightliner Cincinnati, Inc. v. Daimler Vans USA LLC*, S.D.Ohio No. 2:21-cv-5077, 2022 WL 2073394, *5 (June 9, 2022) (noting that courts routinely give issue preclusive effect to summary judgment orders absent a hearing or trial).

**{¶12}** Mr. Chuparkoff further points us to *Krahn v. Kinney*, 43 Ohio St.3d 103 (1989), a case wherein the Supreme Court of Ohio held (1) that a plaintiff need not allege a reversal of his conviction in order to state a cause of action for legal malpractice arising from representation in a criminal proceeding, and (2) the denial of the criminal defendant's (Krahn's) motion to vacate judgment did not operate as res judicata to bar a determination of the issues raised in a malpractice claim. *Id.* at 105. Neither of these propositions, however, are developed into arguments that would point to error by the trial court.

**{¶13}** In *Krahn, v. Kinney*, 43 Ohio St.3d at 107, the Supreme Court of Ohio also stated:

> Collateral estoppel precludes the relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action." *Goodson v. McDonough Power Equipment, Inc.* (1983), 2 Ohio St.3d 193, 195 * * *. Whether a conviction resulted from a defense attorney's incompetence is an issue which can be raised and determined in a prior criminal action where a claim of "ineffective assistance of counsel" has been made. Thus, collateral estoppel can preclude further litigation on the issue.

As this Court has previously stated:

> The *Krahn* court ultimately held that, in that particular case, the facts prohibited the use of collateral estoppel as a bar to plaintiff's malpractice action. However, the court clearly expressed that, under the appropriate set of facts, an unsuccessful ineffective assistance of counsel action could collaterally estop a plaintiff from asserting legal malpractice in a subsequent civil action against his defense attorney.

*Houser*, 2004-Ohio-4578, at ¶ 9.

{¶14} In the case sub judice, as in *Houser*, we conclude that the requirements to pleading an attorney malpractice action were actually and necessarily litigated during appellant's post-conviction relief action alleging ineffective assistance of counsel. *See id.* at ¶ 11. Upon review of Mr. Chuparkoff's claim of ineffective assistance of counsel by Attorney Migdal in the underlying criminal case, the Eighth District Court of Appeals determined: "The record does not support Chuparkoff's claim that defense counsel failed to pursue discovery or was otherwise deficient in defending the case. Our conclusion includes Chuparkoff's argument that defense counsel should have challenged venue in the case." *Chuparkoff*, 2019-Ohio-2827, at ¶ 27. The Court further concluded: "Chuparkoff has failed to identify how defense counsel's conduct was 'outside the wide range' of behaviors demonstrating 'professionally competent assistance' and how he was 'prejudiced by that conduct.'" *Id.* at ¶ 28, quoting *Strickland, v. Washington*, 466 U.S. 668, 689-690 (1984).

{¶15} The record clearly demonstrates that Mr. Chuparkoff's ineffective assistance of counsel claims against Migdal were actually and necessarily litigated in his post-conviction proceedings and subsequent appeal, whereby the Eighth District Court of Appeals determined that he had been effectively and competently represented by Migdal during the criminal case. Mr. Chuparkoff is therefore precluded under collateral estoppel from relitigating those issues via a legal malpractice action. *See Houser* at ¶ 14. We find no error in this determination by the trial court.

{¶16} Mr. Chuparkoff's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING PLAINTIFF'S CAUSE OF ACTION BECAUSE ISSUES AND MALPRACTICE EVIDENCE WERE DISCOVERED AFTER THE END OF DEFENDANT'S REPRESENTATION.

{¶17} In his second assignment of error, Mr. Chuparkoff argues the trial court erred in dismissing his complaint because evidence was discovered after the end of Migdal's representation of Mr. Chuparkoff. We do not agree.

{¶18} Even if we were to assume that Mr. Chuparkoff's assertion that evidence had been discovered subsequent to Migdal's representation is accurate, Mr. Chuparkoff fails to support this assertion with any argument as to how or why the trial court erred in this regard. Because no argument is developed, we are not able to identify any error by the trial court. An appellant bears the burden of affirmatively demonstrating the error on appeal and substantiating his or her arguments in support. *Angle v. W. Res. Mut. Ins. Co.*, 9th Dist. Medina No. 2729–M, 1998 WL 646548, *1 (Sept. 16, 1998); *Frecska v. Frecska*, 9th Dist. Wayne No. 96CA0086, 1997 WL 625488, *2 (Oct. 1, 1997). *See also* App.R. 16(A)(7) and Loc.R. 16(A)(7). It is not the duty of this Court to develop an argument in support of an assignment of error if one exists. *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶19} Furthermore, we note that the same assertions and examples Mr. Chuparkoff provides regarding Migdal's alleged ineffective assistance of counsel were likewise enumerated in his brief to the Eighth District Court of Appeals in the underlying criminal case. Once again, their conclusion that Mr. Chuparkoff was effectively and competently represented by Migdal during his criminal case acts as collateral estoppel to preclude his malpractice claim.

{¶20} Mr. Chuparkoff's second assignment of error is overruled.

III.

{¶21}  Mr. Chuparkoff's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

MARK CHUPARKOFF, pro se, Appellant.

VICTORIA L. VANCE and DAVID A. BERNSTEIN, Attorneys at Law, for Appellees.