[Cite as *State v. Patton*, 2017-Ohio-1197.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-37 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-70 |
| | : | |
| PAUL W. PATTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 31st day of March, 2017.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee


JOYCE M. DEITERING, Atty. Reg. No. 005776, 8801 North Main Street, Suite 200, Dayton, Ohio 45415
      Attorney for Defendant-Appellant

. . . . . . . . . . . .


WELBAUM, J.

{¶ 1} Defendant-appellant, Paul W. Patton, appeals from his conviction in the Clark County Court of Common Pleas after pleading guilty to one count of breaking and entering. In support of his appeal, Patton contends that his guilty plea was not knowingly, intelligently, and voluntarily entered. Patton also contends that his conviction is against the manifest weight of the evidence. For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On February 16, 2016, the Clark County Grand Jury returned an indictment charging Patton with one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree. Following his indictment, Patton appeared before the trial court on April 15, 2016, and pled guilty to the breaking and entering charge. On May 10, 2016, the trial court sentenced Patton to twelve months in prison to be served consecutively to a sentence Patton received in Clark County Case No. 2015-CR-0201. Patton now appeals from his conviction, raising two assignments of error for this court's review.

## First Assignment of Error

{¶ 3} Patton's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN ACCEPTING THE DEFENDANT-APPELLANT'S UNKNOWING AND INVOLUNTARY GUILTY PLEA.

{¶ 4} Under his First Assignment of Error, Patton contends that he did not

knowingly, intelligently, and voluntarily enter his guilty plea because the trial court failed to establish that he had a full understanding of the constitutional rights he was waiving upon pleading guilty. Specifically, Patton contends that his tenth-grade level of education prevented him from understanding the trial court's allegedly "lengthy" and "barely comprehensible" explanation of rights. Patton also contends that the trial court failed to notify him that the State would have to prove beyond a reasonable doubt every element of the breaking and entering offense at trial in order to find him guilty. Patton further contends that the trial court failed to ensure that he understood the effect of his guilty plea.

{¶ 5} In order to be constitutionally valid and comport with due process, a guilty plea must be entered knowingly, intelligently, and voluntarily. *State v. Bateman*, 2d Dist. Champaign No. 2010CA15, 2011-Ohio-5808, ¶ 5, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). " 'In considering whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a *de novo* review of the record to ensure that the trial court complied with constitutional and procedural safeguards.' " (Emphasis sic.) *State v. Redavide*, 2d Dist. Montgomery No. 26070, 2015-Ohio-3056, ¶ 10, quoting *State v. Barner*, 4th Dist. Meigs No. 10CA9, 2012-Ohio-4584, ¶ 7.

{¶ 6} "In order for a plea to be knowing, intelligent, and voluntary, the trial court must comply with Crim.R. 11(C)." (Citation omitted.) *State v. Russell*, 2d Dist. Clark No. 10-CA-54, 2011-Ohio-1738, ¶ 6. "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8. "By following this rule, a

court ensures that the plea is knowing, intelligent, and voluntary."   *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12, citing *Redavide* at ¶ 12.

**{¶ 7}** Pursuant to Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea without first addressing the defendant personally and:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶ 8}** "The trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of constitutional rights."   *Russell* at ¶ 7, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.   However, the trial court need only substantially comply with the non-constitutional notifications required by Crim.R. 11(C)(2)(a) and (b).   *Cole* at ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).   "Substantial compliance means that under the totality of the

circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citations omitted.) *Nero* at 108.

{¶ 9} After a thorough review of the record, we find that the trial court strictly complied with the notice requirements in Crim.R. 11(C)(2)(c) pertaining to the waiver of constitutional rights, including the waiver of the requirement for the State to prove Patton's guilt beyond a reasonable doubt at trial. Although Patton claims that specific advisement was not made, the record of the plea hearing establishes otherwise. The trial court specifically advised Patton that: "At trial you cannot be found guilty unless the State proved beyond a reasonable doubt to every member of the jury each and every element of the offense." Plea Hearing Trans. (Apr. 15, 2016), p. 8. The same advisement was also provided in the plea form, which Patton signed and told the trial court he reviewed and understood.

{¶ 10} We further find that the trial court's explanation of the constitutional rights that Patton was waiving upon pleading guilty was not "barely comprehensible" to a person of Patton's education level. The record establishes that the trial court's explanation was clear and that Patton expressed no confusion with regards to the explanation at the plea hearing.

{¶ 11} Contrary to Patton's claim otherwise, the trial court also specifically advised Patton of the effect of his guilty plea as required by Crim.R. 11(C)(2)(b). Specifically, the trial court advised Patton that: "By pleading guilty, you admit the truth of the facts the prosecutor put on record; you admit that you committed the offense of breaking and entering, a felony of the fifth degree * * *[.] Do you understand that?" Plea Hearing Trans. (Apr. 15, 2016), p. 8. Patton thereafter indicated that he understood the effect of

his guilty plea, which was also provided to him in the plea form.

{¶ 12} The only omission we could find in the trial court's plea colloquy was the non-constitutional advisement that the court could proceed to judgment and sentence upon the acceptance of Patton's guilty plea. However, that advisement was also contained in the plea form, which again, Patton indicated he read and understood. As we recently discussed in *State v. Miller*, 2d Dist. Montgomery No. 27079, 2017-Ohio-478, a trial court is deemed to have substantially complied with Crim.R. 11(C)(2)(b) under such circumstances. *Id.* at ¶ 13-16. *See also State v. Summerall*, 10th Dist. Franklin No. 02AP-321, 2003-Ohio-1652, ¶ 12 (finding the trial court substantially complied with Crim.R. 11(C)(2)(b) despite its failure to advise the defendant at the plea hearing that the court may proceed to judgment upon completion of the guilty plea process, because "in the written guilty plea form, which [defendant] acknowledged that he understood and which was explained to him by his counsel, he was informed that the trial court may proceed with sentencing immediately").

{¶ 13} For the foregoing reasons, we find that Patton's guilty plea to breaking and entering was knowingly, intelligently, and voluntarily entered. Accordingly, Patton's First Assignment of Error is overruled.

## Second Assignment of Error

{¶ 14} Patton's Second Assignment of Error is as follows:

DEFENDANT'S CONVICTION FOR THE OFFENSE [OF] BREAKING AND

ENTERING, IN VIOLATION OF ORC 2911.13(A) IS AGAINST THE

MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE

OVERTURNED.

**{¶ 15}** Under his Second Assignment of Error, Patton claims his conviction for breaking and entering is against the manifest weight of the evidence.

**{¶ 16}** It is well-established that a guilty plea waives a defendant's right to challenge sufficiency or manifest weight of the evidence, as a guilty plea is a complete admission of guilt. *State v. Dalton*, 2d Dist. Montgomery No. 24953, 2012-Ohio-3386, ¶ 7, citing Crim.R. 11(B)(1) and *Huber Heights v. Duty*, 27 Ohio App.3d 244, 500 N.E.2d 339 (2d Dist.1985) and *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51. *Accord State v. Pierre*, 2d Dist. Montgomery No. 23245, 2009-Ohio-3125, ¶ 11; *State v. Jamison*, 2d Dist. Montgomery No. 21165, 2006-Ohio-4933, ¶ 38. Therefore, by entering a plea of guilty, Patton surrendered his right to have the State prove his guilt beyond a reasonable doubt. *Jamison* at ¶ 38; *see also State v. Williams*, 6th Dist. Lucas No. L-02-1221, 2004-Ohio-4856, ¶ 12.

**{¶ 17}** Because Patton's guilty plea is a complete admission of guilt that waived his right to challenge the manifest weight of the evidence, his Second Assignment of Error is overruled.

## Conclusion

**{¶ 18}** Having overruled both of Patton's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Megan M. Farley
Joyce M. Deitering
Hon. Richard J. O'Neill