[Cite as *State v. Moore*, 2019-Ohio-4806.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-34 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-828 |
| | : | |
| MICHAEL DAVID MOORE, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of November, 2019.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

HILARY LERMAN, Atty. Reg. No. 0029975, 249 Wyoming Street, Dayton, Ohio 45409
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Michael David Moore, Jr., appeals from his conviction in the Clark County Court of Common Pleas after he pled guilty to one count of attempted theft. On July 22, 2019, Moore's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal. On July 26, 2019, this court notified Moore that his counsel found no meritorious claims to present on appeal and granted Moore 60 days to file a pro se brief assigning any errors for review. After Moore failed to file a pro se brief, we conducted an independent review of the record as required by *Anders*. Upon reviewing the record, we find no issues with arguable merit for appeal. Accordingly, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On December 26, 2018, the Clark County Grand Jury returned an indictment charging Moore with one count of theft of a motor vehicle in violation of R.C. 2913.02(A)(1), a felony of the fourth degree. The charge stemmed from allegations that on December 6, 2018, Moore stole a vehicle belonging to his former girlfriend's mother and abandoned the vehicle in a no-parking area the following day. It was further alleged that Moore stole a stereo and air compressor from the vehicle, as those items were missing from the vehicle when it was found by law enforcement.

{¶ 3} Following his indictment, Moore entered into a plea agreement with the State. The plea agreement required Moore to plead guilty to a reduced charge of attempted theft in violation of R.C. 2913.02(A) and R.C. 2923.02(A), a felony of the fifth degree. In

exchange for Moore's guilty plea, the State agreed to recommend the preparation of a presentence investigation ("PSI") report before sentencing and to recommend that Moore be screened for admittance into West Central Community Correctional Facility ("West Central").

{¶ 4} On March 29, 2019, the matter proceeded to a plea hearing. During this hearing, the parties advised the trial court of their plea agreement. After being advised of the plea agreement, the trial court conducted a Crim.R. 11 plea colloquy. Following the plea colloquy, the trial court accepted Moore's guilty plea to attempted theft upon finding that Moore had entered the plea knowingly, intelligently, and voluntarily. After accepting Moore's guilty plea, the trial court ordered a PSI report to be prepared for sentencing and for Moore to undergo screening at West Central.

{¶ 5} On April 24, 2019, Moore's case proceeded to sentencing. At the sentencing hearing, the trial court noted that West Central had not accepted Moore into its facility. Then, prior to issuing a sentence, the trial court noted that it had reviewed the PSI report and considered various factors, including the sentencing factors listed under R.C. 2929.12. In doing so, the trial court found that Moore had a history of criminal convictions and had previously served time in prison. The trial court also found that Moore had not responded favorably to sanctions previously imposed, had committed multiple community control violations, had exhibited no genuine remorse, and was deemed a moderate risk under the Ohio Risk Assessment Survey.

{¶ 6} Taking all of this into consideration, as well as the purposes and principles of felony sentencing set forth in R.C. 2929.11, the trial court determined that Moore was not amenable to community control sanctions and instead decided to impose a term of

imprisonment.   The trial court then sentenced Moore to 12 months in prison, the maximum possible prison term for his fifth-degree felony offense.   The trial court also ordered Moore to pay court costs and $90 in restitution to the victim for her missing car stereo and air compressor.

{¶ 7} Following his conviction for attempted theft, Moore filed the instant appeal. In proceeding with the appeal, Moore's appellate counsel filed a brief pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, in which counsel asserted three potential assignments of error for review.

**Standard of Review**

{¶ 8} According to *Anders*, this court must conduct an independent review of the record to determine if the appeal at issue is wholly frivolous.   *Id.* at 744.   "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit.   An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal."   *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8.   Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen,* 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 9} If we determine the appeal is frivolous, we may grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it.   *State v. McDaniel*, 2d Dist. Champaign No. 2010 CA 13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744.

However, "[i]f we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." *Marbury* at ¶ 7, citing *Pullen* at ¶ 2.

## Potential Assignments of Error

{¶ 10} As previously noted, Moore's appellate counsel has raised three potential assignments of error for this court's review. Under the first potential assignment of error, counsel suggests that Moore's trial counsel provided ineffective assistance with regard to the plea agreement. After a thorough review of the record, we find this claim lacks arguable merit.

{¶ 11} "To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that counsel's performance was 'seriously flawed and deficient,' and there is a reasonable probability that the result of the defendant's trial or legal proceeding would have been different had defense counsel provided proper representation." *State v. Shakhmanov*, 2d Dist. Montgomery No. 28009, 2019-Ohio-4598, ¶ 33, quoting *State v. LeGrant*, 2d Dist. Miami No. 2013-CA-44, 2014-Ohio-5803, ¶ 26, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 12} In this case, there is nothing in the record indicating that Moore's trial counsel performed deficiently while representing Moore during the plea negotiations. Instead, the record establishes that Moore's trial counsel negotiated a favorable plea agreement with the State that successfully reduced Moore's charge from a fourth-degree felony offense to a fifth-degree felony offense. Although Moore did receive the maximum possible prison term for a fifth-degree felony, had Moore been convicted of the originally

indicted fourth-degree felony, he would have been exposed to a greater prison term of up to 18 months. By helping reduce the charge to a fifth-degree felony, trial counsel protected Moore from such exposure. Furthermore, during the plea hearing, Moore testified that he had discussed the case with his attorney, reviewed the plea form with his attorney, and was satisfied with the advice and representation that his attorney had given him. *See* Plea Hearing Trans. (Mar. 29, 2019), p. 7-18. Therefore, on the record before this court, any argument that trial counsel provided prejudicially deficient representation would be frivolous.

{¶ 13} For the second potential assignment of error, Moore's appellate counsel suggests that the trial court erred in accepting Moore's guilty plea to attempted theft. Upon review, we find this claim also lacks arguable merit.

{¶ 14} "In determining whether to accept a guilty plea, the trial court must determine whether the defendant knowingly, intelligently, and voluntarily entered the plea." *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13, citing *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), syllabus. "If a defendant's guilty plea is not knowing and voluntary, it has been obtained in violation of due process and is void." *Id.*, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim. R. 11(C)." *Id.*

{¶ 15} In this case, the transcript of Moore's plea hearing reflects compliance with Crim.R. 11(C), and we see no arguable issue with respect to the knowing, intelligent, and voluntary nature of Moore's guilty plea. The only omission in the trial court's plea colloquy was the non-constitutional advisement under Crim.R. 11(C)(2)(b) that the court

could proceed to judgment and sentence upon the acceptance of Moore's guilty plea. However, that advisement was contained in the plea form, which Moore indicated he read, signed, and understood. *See* Plea Hearing Trans. (Mar. 29, 2019), p. 7-8. Under such circumstances, we have held that a trial court has substantially complied with Crim.R. 11(C)(2)(b). *State v. Patton*, 2d Dist. Clark No. 2016-CA-37, 2017-Ohio-1197, ¶ 12; *State v. Miller*, 2d Dist. Montgomery No. 27079, 2017-Ohio-478, ¶ 13-16. S*ee also State v. Summerall*, 10th Dist. Franklin No. 02AP-321, 2003-Ohio-1652, ¶ 12 (finding the trial court substantially complied with Crim.R. 11(C)(2)(b) despite its failure to advise the defendant at the plea hearing that the court may proceed to judgment upon completion of the guilty plea process, because "in the written guilty plea form, which [defendant] acknowledged that he understood and which was explained to him by his counsel, he was informed that the trial court may proceed with sentencing immediately"). Therefore, the second potential assignment of error raised by appellate counsel is also without arguable merit.

{¶ 16} For the third and last potential assignment of error, appellate counsel suggests that the trial court abused its discretion in imposing the maximum 12-month sentence for Moore's fifth-degree felony offense. Upon review, this claim also lacks arguable merit.

{¶ 17} In reviewing a felony sentence, we must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9-10. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either

that: (1) the record does not support the sentencing court's findings under certain enumerated statutory sections (including R.C. 2929.13(B) concerning whether to impose community control sanctions for fourth or fifth-degree felonies) or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9.

{¶ 18} In this case, with regard to R.C. 2929.13(B), the trial court found that it was not required to impose community control sanctions for Moore's offense. The trial court instead found that it had discretion to determine whether to impose a prison term by considering the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *See* R.C. 2929.13(B)(2). Upon review, we do not clearly and convincingly find that the record fails to support that finding, as Moore does not meet the requirements for mandatory community control under R.C. 2929.13(B)(1) given his prior criminal history. Therefore, the only remaining consideration is whether Moore's sentence is otherwise contrary to law.

{¶ 19} "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.), citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and

R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 20} In this case, the maximum 12-month prison sentence imposed by the trial court is within the authorized statutory range for fifth degree felonies, *see* R.C. 2929.14(A)(5), and the record of the sentencing hearing and the sentencing entry indicate that the trial court considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Therefore, our independent review of the record reveals that the 12-month prison sentence imposed by the trial court is not clearly and convincingly contrary to law.

{¶ 21} An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23. Upon review, we do not clearly and convincingly find that the record does not support Moore's sentence. As noted above, the record indicates that Moore had a prior criminal history, which includes five prior felony convictions, four of which involved theft offenses. Moore also had several misdemeanor convictions for theft, unauthorized use of property, operating a vehicle while intoxicated, and disorderly conduct. In addition, the record indicates that Moore had been sentenced to community control sanctions three times and violated those sanctions every time they were imposed. The record further indicates that Moore had completed the drug rehabilitation programming at West Central on three prior occasions, yet continued to use drugs and engage in criminal activity. Given this information, we do not find by clear and

convincing evidence that the record does not support his 12-month prison sentence. Therefore, appellate counsel's third potential assignment of error lacks arguable merit.

{¶ 22} Although not raised by appellate counsel, we note that the trial court did not make any finding with regard to Moore's ability to pay the $90 order of restitution to the victim. Pursuant to R.C. 2929.19(B)(5), the trial court must "consider the offender's present and future ability to pay" before imposing restitution as a financial sanction under R.C. 2929.18. However, to satisfy this duty, we have held that " '[a] trial court need not * * * state that it considered an offender's ability to pay.' " *State v. Garrett*, 2d Dist. Montgomery No. 25426, 2013-Ohio-3035, ¶ 7, quoting *State v. Russell*, 2d Dist. Montgomery No. 23454, 2010-Ohio-4765, ¶ 62, citing *State v. Parker*, 2d Dist. Champaign No. 03CA0017, 2004-Ohio-1313, ¶ 42. Rather, "[w]here the trial court fails to make an explicit finding on a defendant's relative ability to pay, this court has observed that a trial court's consideration of this issue may be 'inferred from the record under appropriate circumstances.' " *State v. Conley*, 2015-Ohio-2553, 43 N.E.3d 775, ¶ 49 (2d Dist.), quoting *Parker* at ¶ 42. For example, "[t]he trial court may comply with its obligation by considering a presentence investigation report ('PSI'), which includes information about the defendant's age, health, education, and work history." (Citation omitted.) *State v. Willis*, 2d Dist. Montgomery No. 24477, 2012-Ohio-294, ¶ 4. *Accord State v. Hull*, 2d Dist. Clark No. 2016-CA-5, 2017-Ohio-7934, ¶ 9-10.

{¶ 23} In this case, the trial court specifically stated that it had reviewed Moore's PSI report prior to sentencing. The PSI report established that, at the time of sentencing, Moore was an able-bodied 30-year-old with a GED and prior work experience. At the time of the offense in question, Moore was employed by Waffle House and had been

previously employed at Frankie's Wood Products, M.A.I. Acoustic Fiber, S.A.M. Grain Bin Service, and Stanley's Custom Crafting. The PSI report also indicated that in February 2019, Moore advised examiners at McKinley Hall Drug and Alcohol Services that he had no learning disabilities, desired to be employed, and had a college degree in the culinary arts. Moore also advised the PSI examiner that his financial obligations at the time of the offense in question included $500 per month for rent, $90 per month for electricity, and $50 per month for his cell phone bill, all of which his current girlfriend then paid due to his incarceration. Given the foregoing information in the PSI report, the trial court's consideration of Moore's present and future ability to pay the $90 restitution order may be inferred from the record, and any argument to the contrary lacks arguable merit for appeal.

## Conclusion

{¶ 24} After conducting an independent review of the record as required by *Anders*, we find that, based on the facts and relevant law involved, there are no issues with arguable merit to present on appeal. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

John M. Lintz
Hilary Lerman
Michael David Moore, Jr.
Hon. Richard J. O'Neill