[Cite as *State v. Shabazz*, 2020-Ohio-799.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108353 |
| v. | : | |
| DAWUD SHABAZZ, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 5, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-626570-A and CR-18-633959-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Paul, Assistant Prosecuting Attorney, *for appellee.*

Ruth R. Fischbein-Cohen, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Dawud D. Shabazz ("Shabazz") appeals his guilty plea and asks this court to vacate his convictions. We affirm.

{¶ 2} Shabazz pleaded guilty in two separate cases. In the first case, Cuyahoga C.P. No. CR-18-626570-A, Shabazz pleaded guilty to one count of child

endangering, a third-degree felony, in violation of R.C. 2919.22(A); and one count of obstructing justice, a fifth-degree felony, in violation of R.C. 2921.32(A)(5). In the second case, Cuyahoga C.P. No. CR-18-633959-A, Shabazz pleaded guilty to three counts of attempted child endangering, third- and fourth-degree felonies, in violation of R.C. 2919.22(B)(1) and (3); and one count of child endangering, a third-degree felony, in violation of R.C. 2919.22(B)(3). Shabazz was sentenced to a total prison term of six years.

## I.    Facts and Procedural History

{¶ 3}    At Shabazz's plea hearing, he pleaded guilty to punching his 19-month old nephew, Z.F., in the head because the nephew asked for milk during an argument between Shabazz and the nephew's mother. Z.F. became unresponsive, and was taken to the hospital, where he was diagnosed with a retinal hemorrhage and a subdural hematoma. The other child living in the Shabazz home also complained of physical abuse at the hand of Shabazz.

{¶ 4}    Shabazz pleaded guilty and stated, at his sentencing hearing,

[y]es, your Honor. I can't change the past of what happened, and reflect. I understand the circumstances of discipline and how we can over exceed. However, the only fact that I have suffered it's significant time —

* * *

No. What I'm saying is — I meant to say this, ma'am. My children have suffered as well as I have suffered from being absent while in CBCF. It have given me enough time to reflect as well as being here ten months has given me enough time to reflect on the actions that I have made.

Also, I've learned since then how to handle myself, and how to be productive in society, as well as how to be productive as a man and a father to my children.

I have one son with Ms. Howard, so, you know, I definitely miss him, and I understand the circumstances that's held against me.

Prior to this situation, I wasn't given no skills on how to handle certain things so I did go overboard, and I'm holding myself responsible for such matters.

However, since then, I have changed. I have become smarter and more educated on how to handle myself as well as children in the future.

And I hope that you can understand and consider the circumstances of this case, and understand where I stand right now.

(Tr. 20-21.)

{¶ 5} At the plea hearing, after Shabazz pleaded guilty, the trial court stated, "[l]et the record reflect that I find you knowingly, voluntarily, and with a full understanding of your rights entered your change of plea. I accept them, make [a] finding of guilt. On the recommendation of the prosecutor's office, nolle the remaining counts." (Tr. 12-13.)

{¶ 6} Shabazz's guilty plea was a result of a plea agreement between Shabazz and the state. In exchange for Shabazz's guilty plea, the state agreed to nolle 13 counts from the original 19-count indictment. At the plea hearing, the trial court fully advised Shabazz of his constitutional rights regarding his guilty pleas. (Tr. 6-12.) Shabazz was sentenced to six years imprisonment, and filed this appeal assigning two errors for our review:

I. The finding of guilt herein was against the manifest weight of the evidence absent sufficiency as required by law; and,

II. The trial court erred in not considering the R.C. 2929.12 factors at sentencing.

## II. Manifest Weight and Sufficiency of Evidence

{¶ 7} Shabazz contests his guilty plea as not being intelligently made because it was against the manifest weight of the evidence and absent sufficient proof as required by law. Crim.R. 11 governs how trial courts should accept a defendant's guilty plea. Under Crim.R. 11(C)(2),

> [i]n felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

The trial court fully complied with Crim.R. 11(C)(2). (Tr. 6-13.)

{¶ 8} Shabazz argues that his plea is comparable to an *Alford* plea, where he maintained his innocence. An *Alford* plea is made to a reduced charge, only as a risk assessment to taking the matter to trial. However, "[u]nder *Alford*, a trial court may accept a guilty plea despite claims of innocence 'when a factual basis for the guilty plea is evidenced by the record.'" *State v. Alvelo*, 2017-Ohio-742, 85 N.E.3d 1032 (8th Dist.), citing *State v. Johnson*, 8th Dist. Cuyahoga No. 103408, 2016-Ohio-2840, ¶ 27. Additionally, "[a]n *Alford* plea exists where a defendant enters a guilty plea contemporaneously with a 'protestation of innocence.'" *Alvelo* at ¶ 23, quoting *Alford v. North Carolina*, 400 U.S. 25, 37-38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Shabazz did not protest his innocence at the plea hearing or at sentencing, and took responsibility for his actions. Therefore, Shabazz's plea is not akin to an *Alford* plea.

{¶ 9} Additionally, Shabazz has provided no evidence that the trial court failed to follow the requirements of Crim.R. 11 at the time he entered his plea of guilty in exchange for concessions by the state of Ohio. The record reveals that the trial court fully advised Shabazz that he was waiving certain rights, and Shabazz agreed to waive those rights. "By entering a guilty plea, a defendant waives his right to present manifest-weight-of-the-evidence or sufficiency-of-the-evidence attacks against his convictions." *State v. Barrett*, 2d Dist. Montgomery No. 24150, 2011-Ohio-2303, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51; *State v. Rice*, 8th Dist. Cuyahoga No. 106953, 2018-Ohio-5356, ¶ 7; *State v. Jamison*, 2d Dist. Montgomery No. 21165, 2006-Ohio-4933, ¶ 38. (""A guilty plea

waives a defendant's right to challenge sufficiency or manifest weight of the evidence.'"").

{¶ 10} Crim.R. 11(B)(1) provides that "a plea of guilty is a complete admission of the defendant's guilt." By entering a plea of guilty, Shabazz surrendered his right to have the state prove his guilt beyond a reasonable doubt. *State v. Patton*, 2d Dist. Clark No. 2016-CA-37, 2017-Ohio-1197, ¶ 16.

{¶ 11} Shabazz's first assignment of error is overruled.

## III. Sentencing Factors

### A. Standard of review

{¶ 12} When we review felony sentencing, our review follows the standard set forth in R.C. 2953.08(G)(2), which provides,

> [t]he court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * the following:
>
> * * *
>
> (b) That the sentence is otherwise contrary to law.

*Id.*

{¶ 13} A sentence is contrary to law if the sentence is more or less than the statutory range or if the trial court does not consider purposes and principles of

felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 41, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. However, in its consideration, the trial court is not mandated to make findings or give their reasoning for imposing more than the minimum sentence. *Id.* Therefore, a sentence is not contrary to law when it is within the statutory range and where the trial court considered R.C. 2929.11 and 2929.12. *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 14.

**B.    Whether the Trial Court Considered the R.C. 2929.12 Factors at Sentencing**

{¶ 14} Shabazz is not arguing that the trial court did not consider the statutory factors set forth in R.C. 2929.11 relating to the purposes and principles of felony sentencing. Rather, Shabazz contends that the trial court did not consider the seriousness and recidivism factors set forth in R.C. 2929.12(E) before sentencing him. "Although there is a mandatory duty to 'consider' the relevant statutory factors under R.C. 2929.11 and 2929.12, the sentencing court is not required to engage in any factual findings under R.C. 2929.11 or 2929.12." *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6, citing *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17, and *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52.

{¶ 15} Specifically, Shabazz argues that the trial court did not consider R.C. 2929.12(E), which states,

The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) The offender shows genuine remorse for the offense.

*Id.*

{¶ 16} At the sentencing hearing, the trial court stated,

[a]ll right. I have considered the purposes and principles of the Ohio Revised Code sections regarding sentencing. I've read the Presentence report. I've listened to what everybody had to say.

I reviewed your record, Mr. Shabazz, and I have had an opportunity to read the letters.

I think the only inference is that you did try and get Ms. Howard to lie to change her story, and there's so many things in this letter, but here's the one that I will quote and this is a quote, and so pardon any grammatical errors.

* * *

You know you have a record. You were permitted in 2017 to plead to attempted domestic violence. You violated that. You also a have in 2013, domestic violence with a prior conviction.

In '11, you pled guilty to attempted domestic violence with prior convictions, a felony of the fifth degree.

And so I suppose it's really no surprise that you continued that kind of activity throughout the rest of your life, and God help these poor children.

(Tr. 32-33.)

{¶ 17} The trial court discussed Shabazz's prior violent history, reoccurrence of the same type of behavior resulting in the Shabazz not living a law-abiding life. The record reveals that the trial court considered the factors under R.C. 2929.11 and 2929.12 when sentencing Shabazz. "While trial courts must carefully consider the statutes that apply to every felony case, it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered." *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10. We add that the trial court stated in its journal entry that it considered the required factors under R.C. 2929.11 and 2929.12. Therefore, we find that the trial court fulfilled its statutory requirements. *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

{¶ 18} Shabazz's second assignment of error is overruled.

{¶ 19} Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MICHELLE J. SHEEHAN, J., CONCUR