[Cite as *State v. Oten*, 2024-Ohio-3004.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                        No. 112467

    v.                                   :

ANTONIO Z. OTEN, JR.,                   :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 8, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-650975-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Kerry Sowul, Assistant Prosecuting
Attorney, *for appellee.*

Erin R. Flanagan, *for appellant.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant Antonio Z. Oten, Jr. ("appellant") challenges his conviction in the Cuyahoga County Court of Common Pleas. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} Appellant was charged with nine counts, including rape, gross sexual imposition, abduction, unlawful sexual conduct with a minor, disseminating matter harmful to juveniles, and aggravating menacing. The charges related to appellant's inappropriate relationship and sexual conduct with a 12-year-old girl.

{¶ 3} Appellant pled guilty to two counts of unlawful sexual conduct with a minor and one count of disseminating matter harmful to juveniles. The trial court sentenced appellant to 24 months in prison and labeled him a Tier II sex offender.

{¶ 4} Appellant then filed the instant appeal, raising one assignment of error for our review:

> The lower court's findings of guilt were not supported by sufficient evidence in violation of appellant's rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 10 of Article I of the Ohio Constitution.

## II. Law and Analysis

{¶ 5} In his sole assignment of error, appellant asserts that the record does not contain sufficient evidence of venue in this matter.

{¶ 6} As an initial matter, it appears that appellant is raising this argument for the first time on appeal. He did not assert any issue with venue in the trial court prior to his guilty plea or even seek to withdraw his plea on that basis. Accordingly, this argument has been waived for purposes of appeal. However, even considering his assertions, we find no merit to his argument.

{¶ 7} The indictment in this matter contained nine charges. Only Count 1, the rape charge, contained any reference to venue, stating that the offense had occurred in Cuyahoga County. Appellant correctly notes that there is no mention in Counts 4, 6, or 8 — the charges to which he pled — as to any location where the offenses occurred. Appellant further asserts that there were no factual statements made at the plea hearing that would provide support for venue.

{¶ 8} This court has addressed this issue in *State v. Smith*, 2015-Ohio-2266, ¶ 16 (8th Dist.):

> Although venue is not a material element of any offense, "venue is a fact that must be proved beyond a reasonable doubt unless it is waived by the defendant." *State v. Jackson*, 2014-Ohio-3707, ¶ 143. A guilty plea is not only an admission of the essential elements of the offense, it is also an admission of the facts alleged in an indictment, including venue. Crim.R. 11(B); *State v. Pruitt*, 8th Dist. Cuyahoga Nos. 86707 and 86986, 2006-Ohio-4106, ¶ 12; *State v. McCartney*, 55 Ohio App.3d 170, 563 N.E.2d 350 (9th Dist.1988).

{¶ 9} We note that appellant is not arguing that the offenses did not take place in Cuyahoga County; he is simply asserting that the State did not present sufficient evidence related to venue to support his conviction. We are not persuaded by appellant's argument. In the instant case, the bill of particulars specified that each offense, including Counts 4, 6, and 8, to which appellant pleaded guilty, was committed in Euclid, Ohio. The trial court was permitted to take judicial notice that the City of Euclid is located within Cuyahoga County. *See Linndale v. Krill*, 2003-Ohio-1535, ¶ 7 (8th Dist.), citing *Middleburg Hts. v. Milner*, 2000 Ohio App. LEXIS

3037 (8th Dist. July 6, 2000), citing *State v. Collins*, 60 Ohio App.2d 116, 125 (3d Dist. 1977).

{¶ 10} Regardless, "'[b]y entering a guilty plea, a defendant waives his right to present manifest-weight-of-the-evidence or sufficiency-of-the-evidence attacks against his convictions.'" *State v. Shabazz*, 2020-Ohio-799, ¶ 9-10 (8th Dist.), quoting *State v. Barrett*, 2011-Ohio-2303 (2d Dist.), citing *State v. Griggs*, 2004-Ohio-4415; *State v. Rice*, 2018-Ohio-5356, ¶ 7 (8th Dist.). Crim.R. 11(B)(1) provides that "a plea of guilty is a complete admission of the defendant's guilt." Upon pleading guilty, appellant relinquished his right to have the State prove his guilt beyond a reasonable doubt. *Id.*, citing *State v. Patton*, 2017-Ohio-1197, ¶ 16 (2d Dist.).

{¶ 11} Moreover, a challenge to venue must be raised before trial begins or it is considered waived. *State v. Chuparkoff*, 2019-Ohio-2827, ¶ 19 (8th Dist.). "'[A] guilty plea precludes a defendant from challenging the factual issue of venue on appeal.'" (Citations omitted.) *Id.*, quoting *State v. Fort*, 2002-Ohio-5068, ¶ 45 (8th Dist.). *See also State v. Johnson*, 2011-Ohio-4954 (8th Dist.) (summarily overruling assigned error regarding venue because appellant's guilty plea precluded him from challenging the factual issue of venue).

{¶ 12} Appellant's sole assignment of error is overruled.

# III. Conclusion

{¶ 13} Appellant's plea of guilty constituted a waiver of the factual issue of venue. His assignment of error is overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, JUDGE

LISA B. FORBES, P.J., and
MICHAEL JOHN RYAN, J., CONCUR